Bttrtoh B. Roberts, J.
Records from the archives of the Court of General Sessions reveal that in January, 1958, an Assistant District Attorney in New York County named Burton B. Roberts recommended the acceptance of a plea of guilty to the crime of assault in the third degree from one Philip Romano alias Philip Tartaglia and two others charged with feloniously assaulting an individual with a baseball bat.
*507 The defendant now before this court, Philip Tartaglia, charged in a 1972 indictment with possession of a weapon — a switchblade knife — as a felony (Penal Law, § 265.05, subd. 3), has moved, on the eve of his trial by jury, to have the court disqualify itself in view of the 1958 case.
Defendant claims, and fingerprint records confirm, that he was the Eomano/Tartaglia in the 1958 case. The court acknowledges (wistfully) that it was an Assistant District Attorney in New York County in 1958.
The question, then, is whether I am disqualified as a matter of law from presiding over this trial, and, if not, whether I should, in the exercise of discretion (see People v. Scott, 34 A D 2d 407 [4th Dept., 1970]), disqualify myself for any other reason.*
Section 14 of the Judiciary Law provides, in pertinent part: “ A judge shall not sit as such in, or take any part in the decision of, an action, claim, matter, motion or proceeding * * * in which he has been attorney or counsel ”.
Decisions interpreting this section in cases where the sitting Judge had previously prosecuted the defendant then before him in another case clearly indicate that I may legally preside over the trial of this action (see People v. Bennett, 14 N Y 2d 851 [1964], revg. 19 A D 2d 929 [3d Dept., 1963]); People ex rel. Stickle v. Fay, 14 N Y 2d 683 [1964]; People v. Rainey, 28 A D 2d 712 [2d Dept., 1967]). Plainly, I was not an attorney in any phase of this matter (cf. People v. Scott, 34 A D 2d 407, supra; People v. Clement, 26 A D 2d 968 [3d Dept., 1966]; People v. Berry, 23 A D 2d 955 [4th Dept., 1965]; People v. Wright, 16 A D 2d 743 [4th Dept., 1962]; People v. Haas, 105 App. Div. 119 [2d Dept., 1905]).
The mere finding of jurisdiction as a matter of law, however, should not be dispositive. Judicial impartiality is a state of mind which eludes statutory definition. In the real analysis, the answer to the question “ to sit or not to sit ” is a matter of conscience.
I was a prosecutor in New York County and Bronx County for 24 years. I handled literally thousands of cases. I have *508 no independent recollection of either this defendant or the 1958 matter, nor do the court papers, brought to my attention by virtue of this motion, .refresh my recollection.
It would matter little if they did.
Nobody is born a Judge. One does not spring, fully robed, from the head of Justitia. Each was something in a prior/ existence. Most who are assigned to sit primarily in criminal cases previously toiled in the vineyards of the criminal justice system as advocates for one side or the other. All courted the same jealous mistress: the law.
Defendant’s memory of the time our paths last crossed, apparently, is better than my own, as witnessed by the following colloquy between us:
the court: You say I prosecuted you one time?
the defendant : In Criminal Court, in 1958, in front of Judge Schweitzer.
the court: Were you convicted after trial?
the defendant: We took a plea. You gave me a plea.
the court: Was it merited?
the defendant : You were a fine D. A.
the court : I hope I’ll be a very fine Judge as well.
The motion to disqualify this court is denied.

 It should be noted that the possibility of the issue of defendant’s 1958- conviction as a predicate for the felony charge (Penal Law, § 265.05, subd. 3) being submitted to the jury (CPL 200.60) at a trial before me is not presented here. Defendant readily acknowledges several prior convictions and counsel has stated on the record that Tartaglia intends to admit to an information alleging them, thereby preventing the issue from coming before the jury and removing it from the case. In any event, the information filed by the People alleges a conviction other than the 1958 case as the predicate crime.