■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PHILLIP TARTAGLIA, Also Known as PHILLIP ROMANO, Appellant.— Judgment, Supreme Court, New York County, rendered June 21, 1973, convicting defendant of the crime of possession of a weapon as a felony, unanimously affirmed. The case is remitted to the Criminal Term, Supreme Court, New York County, for proceedings to direct defendant to surrender himself to said court in order that execution of the judgment be commenced or resumed. (CPL 460.50, subd. 5.) Concur — Markewich, J. P., Steuer, Tilzer and Lane, JJ.; Kupferman, J. concurs in the following memorandum: The defendant was charged with possession of a switchblade knife. There was a timely motion that the Trial Judge disqualify himself under section 14 of the Judiciary Law, which provides as follows: "A judge shall not sit as such in, or take any part in the decision of, an action, claim, matter, motion or proceeding * * * in which he has been attorney or counsel." The Trial Judge, as he so aptly pointed out in his opinion denying the motion to disqualify, People v. Tartaglia (73 Misc 2d 506) had been an Assistant District Attorney in New York County in 1958 prosecuting this same defendant on another charge. The Trial Judge disclaimed any remembrance of the matter, and the defendant stated that there was no objection to the conduct of that case against him. In fact, he specifically said, "You were a fine D. A." The cases make it clear that under the facts here involved, the court was not deprived of jurisdiction. (People v. Bennett, 14 N Y 2d 851; People ex rel. Stickle v. Fay, 14 N Y 2d 683.) However, these holdings are obscure with respect to the new Code of Judicial Conduct prepared by the American Bar Association and adopted by the New York State Bar Association, effective March, 1973. The defendant here was tried beginning April 19, 1973. Canon 3 (subd. C) of the Code of Judicial Conduct provides as follows: " C. Disqualification. (1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where: (a) he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; (b) he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it; COMMENTARY: A lawyer in a governmental agency does not necessarily have an association with other lawyers employed by that agency within the meaning of this subsection; a judge formerly employed by a governmental agency, however, should disqualify himself in a proceeding if his impartiality might reasonably be questioned because of such association." The State Bar Association also provided that if " any rule applicable * * * heretofore or hereafter issued by the Administrative Board of the Judicial Conference [is inconsistent] the rules of the Board shall prevail." Effective January 1, 1974, these same canons were adopted by the Judicial Conference of the State of New York. (Part 33, Rules Governing Judicial Conduct [22 NYCRR Part 33].) Mr. Justice William H. Rehnquist of the United States Supreme Court in an address at the Association of the Bar of the City of New York on September 19, 1973 (Record, vol. 28, No. 8, [Nov., 1973], 694, 709), discussing the new Canons of Ethics, referred specifically to the language " A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned ". He suggested that there were two possibilities as to bias, being that of a concept of attitude, which should not be disqualifying; and a concept

of favoritism, which should be disqualifying. Obviously, here neither of these two possibilities apply. However, a literal reading of the language indicates that a Judge should disqualify himself where his impartiality "might reasonably be questioned" in the sense of challenged. It does not say that any conclusion or determination has to be reacched with respect thereto. Certainly, here the challenge was legitimate purely by virtue of prior status with respect to this defendant, and the matter was raised not as an afterthought, but prior to the trial. Under the circumstances, it would seem that the question deserves consideration by the Court of Appeals. The date for the application of the Rules Governing Judicial Conduct as applied to this matter would be one of the areas to be considered. (See *Matter of Clayton* v. *Clement*, 33 N Y 2d 386.)